# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Employee Health Systems, LLC**<br><br>Plaintiff,<br><br>v.<br><br>**Sterling Commerce (America), LLC**<br><br>Defendant. | **Case No. 2:12-cv-00611-MHW-NMK**<br><br>**Judge Michael H. Watson**<br><br>**Magistrate Judge Norah McCann King** |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and among counsel for the parties, and subject to the approval of the Court, that the following Stipulated Protective Order ("Order") shall govern the designation, disclosure, and use of information, documents, or things produced or exchanged during discovery in this matter pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

### Nature of Protected Information

1. For the purposes of this Order, the term "producing party" means the party or third party who produces or provides information, documents, or things in discovery in this matter within the scope of Fed. R. Civ. P. 34 or otherwise, and the term "receiving party" means the party or third party who receives such information, documents, or things.

2. "Confidential" information means non-public pricing, marketing, financial, sales, market share, human resources, and/or other business information, as well as non-public personal information subject to confidential treatment under Fed. R. Civ. P. 26. "Confidential" information may include, without limitation, (a) information, documents, or things produced or exchanged in this action in formal discovery or otherwise; (b) information,

documents, or things produced by non-parties who are the subject of discovery in this action that the non-parties are under an obligation to maintain in confidence; (c) answers to interrogatories and responses to requests for admission or other discovery requests; (d) deposition, hearing, or trial transcripts; and (e) any other documents or information that should otherwise be subject to confidential treatment under Fed. R. Civ. P. 26.

    3.  A producing party may designate as "Confidential" only information that the producing party in good faith reasonably believes meets the requirements of Paragraph 2 above.

    4.  The designation "Confidential - Attorneys' Eyes Only" shall be limited to information that any producing party, including third parties, in good faith, believes to contain (a) trade secrets that should be subject to confidential treatment under Fed. R. Civ. P. 26.; or (b) other "Confidential" information (as defined in Paragraph 2) the disclosure of which is likely to cause competitive, commercial, or other substantial injury to the producing party and should be subject to confidential treatment under Fed. R. Civ. P. 26.

    5.  A producing party may designate as "Confidential - Attorneys' Eyes Only" only information that the producing party in good faith reasonably believes meets the requirements of Paragraph 4 above.

    6.  Any copies, analyses, notes, abstracts, extracts, summaries, memoranda, or other writings or documents that contain, reflect, reveal, suggest, or otherwise disclose the substance or content of any "Confidential" or "Confidential - Attorneys' Eyes Only" information shall also be deemed to be "Confidential" or "Confidential - Attorneys' Eyes Only" under this Order.

7. This Order is not intended to apply to information that, in fact, has not been maintained by a party or non-party on a confidential basis. Accordingly, the parties agree that no information, document, or thing shall be designated, regarded, or treated as "Confidential" or "Confidential - Attorneys' Eyes Only" if:

 (a) it is in the public domain or generally available to the public at the time of production or disclosure; or

 (b) it becomes part of the public domain or generally available to the public through no fault of the receiving party; or

 (c) the receiving party can show that the information was otherwise in its rightful and lawful possession at the time of production or disclosure.

8. A producing party at any time may remove the "Confidential" or "Confidential - Attorneys' Eyes Only" designation from any information, document, or thing that the producing party has so designated.

### Restriction on Use of Produced Information

9. All documents, transcripts or other materials subject to this Order within the scope of Fed. R. Civ. P. 34, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

10. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts, and materials afforded confidential treatment pursuant to this Order.

11. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential - Attorneys' Eyes Only."

**Disclosure of Protected Information**

12. "Confidential" or "Confidential - Attorneys' Eyes Only" information shall not be disclosed by the receiving party to any person or entity except in accordance with the terms of this Order.

13. "Confidential" information may be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, only to the following persons who have an actual need to have access to "Confidential" information for use in this litigation:

(a) a party's in-house counsel and retained outside counsel and their respective staff, provided they are assisting in the prosecution or defense of this action;

(b) outside experts and consultants, and their respective staff, retained to assist the parties or their counsel as consultants or expert witnesses for the purpose of this litigation, subject to the restrictions set forth in Paragraph 14 of this Order;

(c) any party or employees of any receiving party who are assisting counsel in this action, subject to the restrictions set forth in Paragraph 14 of this Order;

(d) any person identified as an author or recipient of a document, or who otherwise has or has had lawful possession of the document or information, subject to the restrictions set forth in Paragraph 14 of this Order;

(e) deponents in this litigation, subject to the restrictions set forth in Paragraph 14 of this Order;

(f) the Court or any personnel of the Court, and any court reporters or videographers retained to record and/or transcribe trial or deposition testimony in this action; and

(g) personnel of photocopy, graphics, litigation, or jury consulting firms engaged by a party in connection with this litigation.

14. All persons who are given access to information pursuant to Paragraphs 13(b), 13(c), 13 (d), or 13(e) may obtain access to "Confidential" information only after such persons have confirmed their understanding and agreement to abide by the terms of this Order by signing a copy of the Declaration of Compliance attached as Exhibit A to this Order.

15. Information designated "Confidential - Attorneys' Eyes Only" may be disclosed only to the following persons:

(a) retained outside counsel, and their staff, provided they are assisting in the prosecution or defense of this action;

(b) in-house counsel dedicated to litigation and litigation-related matters, not to exceed a total of three (3) in-house counsel who may view the information;

(c) outside experts and consultants, and their respective staff, retained to assist the parties or their counsel as consultants or expert witnesses for the purpose of this litigation, subject to the restrictions set forth in Paragraph 16 of this Order;

(d) deponents in this litigation, subject to the restrictions set forth in Paragraph 16 of this Order;

(e) any person identified as an author or recipient of a document, or who otherwise has or has had lawful possession of the document or information, subject to the restrictions set forth in Paragraph 16 of this Order;

(f) personnel of photocopy, graphics, litigation, or jury consulting firms engaged by a party in connection with this litigation; and

(g) the Court or any personnel of the Court, and any court reporters or videographers retained to record and/or transcribe trial or deposition testimony in this action.

16. All persons who are given access to information pursuant to Paragraphs 15(b), 15 (c), or 15(d) shall first be required to confirm their understanding and agreement to abide by the terms of this Order by signing the Declaration of Compliance attached as Exhibit B to this Order.

17. A deponent at his or her deposition may be shown "Confidential" or "Confidential - Attorneys' Eyes Only" information even if the witness does not otherwise qualify for access to the information. Such a deponent, however, may not retain a copy of any portion of the deposition or exhibits to the deposition referencing or containing the "Confidential" or "Confidential - Attorneys' Eyes Only" information about which the deponent was questioned.

18. Counsel of record for each party shall maintain the original signed Declarations of Compliance.

19. The parties may designate preliminarily the deposition testimony and exhibits (or portions thereof) of any witness in the litigation as "Confidential" or "Confidential - Attorneys' Eyes Only" at the time of the deposition by advising the reporter and all parties of such fact during the deposition. If any portion of a videotaped deposition is designated pursuant to this Paragraph, the videocassette, CD, DVD, or other digital media container shall be labeled with the appropriate legend. Unless a shortened time period is requested as set forth below, within twenty-one (21) days of receipt of a transcript, the deponent, his/her counsel, or any other party may redesignate appropriate portions of the transcript "Confidential" or "Confidential - Attorneys' Eyes Only." The deponent, his/her counsel, or any other party shall list on a separate piece of paper the numbers of the pages of the deposition transcript containing "Confidential" or

"Confidential - Attorneys' Eyes Only" information and serve the same on opposing counsel. Pending such designation, the entire deposition transcript, including exhibits, shall be deemed "Confidential - Attorneys' Eyes Only" information, as preliminarily designated. If no redesignation is made within twenty-one (21) days after receipt of the transcript, the transcript shall be considered not to contain any "Confidential" or "Confidential - Attorneys' Eyes Only" information. A party may reasonably request a shortening of the time period within which a confidentiality designation for a deposition transcript must be made for the purpose of conducting effective discovery, and consent to such a request shall not be unreasonably withheld. In the event of a dispute as to a request for a shortened time period, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party requesting the shortened time period may request appropriate relief from the Court. The parties agree, subject to Court approval, that such relief can be in the form of a telephone conference to be scheduled at the Court's earliest convenience with the objective of obtaining an immediate resolution of the dispute.

### Designation of Confidentiality

20. The designation of information as "Confidential" for the purposes of this Order shall be made by making the first page of the document and each succeeding page of the document that contains the "Confidential" information with an appropriate stamp, sticker, or other indicia in substantially the following form:

**CONFIDENTIAL**

The designation of information as "Confidential - Attorneys' Eyes Only" for the purposes of this Order shall be made by making the first page of the document and each succeeding page of the document that contains the "Confidential - Attorneys' Eyes Only" information with an appropriate stamp, sticker, or other indicia in substantially the following form

21. In the event that any party to this litigation or any interested member of the public disagrees at any point in these proceedings with any designation made under this Order, the parties shall first try to resolve such dispute in good faith on an informal basis through discussion with the attorney or unrepresented party seeking discovery in accordance with Local Rule 37.1. If the dispute cannot be resolved, then the party or interested member of the public objecting to the designation, at his own expense, may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential - Attorneys' Eyes Only," subject to the provisions of this Order.

**Court Filings and Proceedings**

22. A party seeking to file any "Confidential" or "Confidential - Attorneys' Eyes Only" information must seek leave of Court to file documents under seal. Leave will only be granted upon a showing of good cause to file the documents under seal. If leave is obtained, then a party may file the documents with the Clerk in compliance with Local Rule 79.3. Where practicable, a redacted version of the document will be filed on the public record.

23. Any party, or any interested member of the public, may challenge through appropriate motion practice the propriety of maintaining the confidentiality of any document filed or presented pursuant to Paragraph 22 above.

24. To the extent any dispute arises about the propriety of filing any document under seal, maintaining any document under seal, or presenting any document *in camera* pursuant to Paragraph 22 above, it shall be the responsibility of the party that designated the document "Confidential" or "Confidential - Attorneys' Eyes Only" to undertake any steps necessary to defend the document's confidential and/or sealed status.

### Inadvertent Production or Disclosure

25. Inadvertent production of documents or things shall not constitute a waiver of confidentiality.

26. If a producing party inadvertently produces or discloses documents or other information without the proper designation of confidentiality, the producing party may nevertheless assert the confidentiality of the documents or information by a written notification to the receiving party that specifically identifies the document or information and its designation as "Confidential" or "Confidential - Attorneys' Eyes Only." The parties shall thereafter treat the documents or information as "Confidential" or "Confidential - Attorneys' Eyes Only." When information not initially designated as "Confidential" or "Confidential - Attorneys' Eyes Only" is later so designated, each party shall make a reasonable effort to retrieve documents containing the later-designated "Confidential" or "Confidential - Attorneys' Eyes Only" information and shall make reasonable efforts to obtain the agreement of persons to whom the disclosure of such information may have been made to treat such information as "Confidential" or "Confidential - Attorneys' Eyes Only," but no sanctions shall be imposed upon a party for any disclosure made before receipt of the written notification of the designation.

27. If information or documents subject to a claim of attorney-client privilege, attorney work product, third-party confidentiality, or any other applicable privilege are inadvertently produced or disclosed, such production or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product to which the producing party would otherwise be entitled. If and when a producing party ascertains that privileged or otherwise protected information was inadvertently produced, the producing party shall notify the receiving party of the producing party's claim of privilege and the basis for the claim. After being notified, the receiving party must promptly return, sequester, or destroy

the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the receiving party disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

### Third-Party Information

28. Third parties who are requested to produce documents or things or provide testimony in this action may avail themselves of the provisions of this Order by endorsing it and may designate and produce documents, things or testimony containing "Confidential" or "Confidential - Attorneys' Eyes Only" information in accordance with its provisions without further action by the Court.

### Miscellaneous

29. Within sixty (60) days after the final termination of this litigation, all documents, transcripts or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished same. Provided, however, that this foregoing Paragraph expressly does not apply to any confidential material filed with the Court, which material will be disposed of in accordance with Local Rule 79.3(c).

30. Entering into, agreeing to, and complying with the terms of this Order and/or producing or receiving "Confidential" or "Confidential - Attorneys' Eyes Only" information shall not:

(a) operate as an admission that any particular "Confidential" or "Confidential - Attorneys' Eyes Only" information contains or reflects trade secrets or any other type of confidential information;

(b) prejudice in any way the rights of a producing party to objection to the production of documents or information that the producing party considers not subject to discovery; or

(c) prevent the parties under this Order from agreeing to alter or waive the provisions or protections provided for in this Order with respect to any particular information.

31. If any person qualified to obtain "Confidential" or "Confidential - Attorneys' Eyes Only" information under this Order, or their agents or representatives, should receive any request for "Confidential" or "Confidential - Attorneys' Eyes Only" information received by that person in this action, whether through formal compulsory process or lawful authority of the court or otherwise, such person, agent, or representative, before responding, promptly shall serve written notice of the request on counsel for all parties to this Order to allow the producing party or parties to move for an appropriate court or tribunal for a ruling regarding the necessity of complying with the request. Absent a ruling from the appropriate court or tribunal on such a motion, the person or party receiving the request for information shall not produce any such information and shall thereafter produce the information only insofar as the court or tribunal may direct.

32. Upon final termination of this action, whether by final judgment, settlement, dismissal, or other final disposition, the provisions of this Order shall continue to be

binding upon all parties, persons, or entities who are subject to its terms, and the Court shall retain jurisdiction over the parties and the subject matter for the purpose of enforcing this Order.

33. Any party may apply to the Court at any time for relief from any provision of this Order.

34. Any party may apply to the Court for additional protection or disclosure beyond the terms of this Order with respect to "Confidential" or "Confidential - Attorneys' Eyes Only" information, as that party may consider appropriate.

35. The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

36. The parties agree to be bound by this Order pending the execution and issuance of this Order by the Court.

Date: October 31, 2012

| | |
|---|---|
| s/ Robert C Wood / per authority | s/ Kelli Jones Stiles |
| Robert C. Wood (0071861) | Elizabeth P. Kessler (OH 0061730) |
| rwood@rwoodlaw.com | ekessler@jonesday.com |
| THE LAW OFFICES OF ROBERT C. WOOD | Kelli Jones Stiles (OH 0076281) |
| 1907 Leonard Avenue | kjstiles@jonesday.com |
| Suite 100 | JONES DAY |
| Columbus, Ohio 43219 | Street Address: |
| Telephone: (614) 252-3146 |   325 John H. McConnell Boulevard, Suite 600 |
| Facsimile: (614) 258-3505 |   Columbus, OH 43215-2673 |
| | Mailing Address: |
| *Attorneys for Plaintiff* |   P.O. Box 165017 |
| *Employee Health Systems, LLC* |   Columbus, OH 43216-5017 |
| | Telephone: (614) 469-3939 |
| | Facsimile: (614) 461-4198 |
| | |
| | *Attorneys for Defendant* |
| | *Sterling Commerce (America), LLC* |

Signed the __, day of October, 2012.

**It is so ORDERED.**

                                     *s/ Norah McCann King*
                                     The Honorable Norah McCann King
                                     United States Magistrate Judge

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Employee Health Systems, LLC** | |
| **Plaintiff,** | **Case No. 2:12-cv-00611-MHW-NMK** |
| v. | **Judge Michael H. Watson** |
| **Sterling Commerce (America), LLC** | **Magistrate Judge Norah McCann King** |
| **Defendant.** | |

## **DECLARATION OF COMPLIANCE**

I, (print or type full name) _____, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

    1.    I reside in _____ County, in the state of _____. I am employed by (state name and address of employer) _____ as (state position) _____.

    2.    I have read the Stipulated Protective Order entered in this case, a copy of which has been given to me.

    3.    I understand and agree to comply with and be bound by the provisions of the Stipulated Protective Order upon receipt of any "Confidential" information, document, or thing.

    4.    I will be personally subject to the Stipulated Protective Order and all of its requirements and procedures, and will be subject to the jurisdiction of the United States District Court for the Southern District of Ohio for enforcement of the Stipulated Protective Order.

Executed at _____ on this \_\_\_\_\_ day of _____, \_\_\_\_\_.

_____
(Signature)

**EXHIBIT B**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Employee Health Systems, LLC** | |
| **Plaintiff,** | **Case No. 2:12-cv-00611-MHW-NMK** |
| v. | **Judge Michael H. Watson** |
| **Sterling Commerce (America), LLC** | **Magistrate Judge Norah McCann King** |
| **Defendant.** | |

## **DECLARATION OF COMPLIANCE**

I, (print or type full name) _____, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

1. I reside in _____ County, in the state of _____. I am employed by (state name and address of employer) _____ as (state position) _____.

2. I have read the Stipulated Protective Order entered in this case, a copy of which has been given to me.

3. I understand and agree to comply with and be bound by the provisions of the Stipulated Protective Order upon receipt of any "Confidential - Attorney's Eyes Only" information, document, or thing.

4. I agree that I will not reveal "Confidential - Attorneys' Eyes Only" information to, or discuss such with, any person who is not entitled to receive "Confidential - Attorneys' Eyes Only"

information in accordance with the Order. I will use "Confidential - Attorneys' Eyes Only" information only for the purposes of facilitating the prosecution or defense of the action and not for any business or other purpose. I will otherwise keep all "Confidential - Attorneys' Eyes Only" information confidential in accordance with this Order.

    5. I agree that I will be subject to the jurisdiction of the United States District Court for the Souther District of Ohio, for enforcement of the Stipulated Protective Order.

Executed at _____ on this \_\_\_\_\_ day of _____, \_\_\_\_\_.

_____
(Signature)